IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Robin Lynn Evans, | ) | Civil Action No.: 4:06-412-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Elmer's Products; Iredell County Sheriff Dept.; Berwind Corp.; Irene Lester; Mary Covington (Judge in 50C); Sheriff Phil Redmond; Andy Poeteat; Charles McKinnis; Thomas Beatty; Unknown Male Subject on Phone 4:35 am November 2, 2001; and District Attorney Gary Frank, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

The plaintiff, Robin Lynn Evans, who is proceeding pro se, filed this action on February 10, 2006. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling. On April 25, 2006, the Magistrate Judge filed a Report and Recommendation which recommends to this court that the plaintiff's case be dismissed without prejudice and without issuance and service of process.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this court is not required

to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

On May 11, 2006, the plaintiff filed what purported to be timely objections to the Report and Recommendation. After reviewing this filing, the court cannot say that it is in fact objections to the Magistrate Judge's Report and Recommendation. The purported objections state, in pertinent part, that "I disagree with this Report and Recommendation. I need further clarification on this matter." The plaintiff proceeds to discuss the fact that he does not have an attorney, and therefore, needs the court to give him advice on how to proceed with his case.[1]

To say the very least, this filing does not meet the specificity requirement outlined in Rule 72(b) of the Federal Rules of Civil Procedure.[2] Particularly, the plaintiff has not pointed to a portion of the Magistrate Judge's Report and Recommendation to which he objects. Without specific objections to the Magistrate Judge's reasoning, the court will not discuss the conclusion reached by the Magistrate Judge any further. See 28 U.S.C. § 636(b)(1)(C) (If a party objects, the district court "shall make a *de novo* determination of those portions of the report or *specified* proposed findings or recommendations

---

[1] The court notes that it is not charged with the duty of acting as an advocate for a pro se litigant. Gordan v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978).

[2] Rule 72(b) states:

> Within ten days after being served with a copy of the recommended disposition, a party may serve and file **specific, written objections to the proposed findings and recommendations**. . . . The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of **any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule**.

Fed.R.Civ.P. 72(b) (emphasis added).

2

to which objection is made") (emphasis added); see also Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review). For the reasons stated above, the court finds that the plaintiff's objections to the Magistrate Judge's Report and Recommendation are without merit.

After carefully reviewing the Report, objections, pleadings, and applicable law, the court adopts the Report and Recommendation of the Magistrate Judge, incorporates it herein, and overrules the plaintiff's objections. For the reasons stated therein and in this Order, the plaintiff's case is hereby **DISMISSED**, pursuant to 28 U.S.C. § 1915, without prejudice and without issuance and service of process. The court finds that a hearing would not aid its decision-making process, therefore, the plaintiff's motion for a hearing [Entry # 13] is **DENIED**. Furthermore, the plaintiff's motions to seal [Entry #s 8 & 14] are hereby deemed **MOOT**. The Clerk of Court is instructed to return the documents proposed to be sealed to the plaintiff.

**IT IS SO ORDERED.**

                                        s/ R. Bryan Harwell
                                        R. Bryan Harwell
                                        United States District Judge

Florence, South Carolina
May 31, 2006